# *Stevens, Hinds & White, P.C.*

HOPE R. STEVENS (1904-1982)
JAVIER A. WHITE (1945-1987)
LENNOX S. HINDS *

**ATTORNEYS AT LAW**
**116 WEST 111TH STREET**
**NEW YORK, NY 10026**

NEW JERSEY OFFICE
42 VAN DOREN AVENUE
SOMERSET, NJ 08873
(732) 873-3096

Of-Counsel:
JULIETTE CHINAUD
GNOLEBA R. SERI *
DIDIER SEPHO◊

TEL: (212) 864-4445
FAX: (212) 222-2680
E-MAIL: lawfirmshw@yahoo.com

PARIS OFFICE
27, AVENUE DE L'OPERA
75001 PARIS

*Also in*
* New Jersey
◊ Paris

September 9, 2010

**<u>VIA ELECTRONIC FILING AND FAX (1-973-297-4906)</u>**
Honorable Madeline Cox Arleo, United States Magistrate Judge
United States District Court
MARTIN LUTHER KING COURTHOUSE
50 Walnut Street – Room 2060
Newark, New Jersey 07101

      Re:   **Russell-Brown v. The University of Florida Board of Trustees et al., No. 10-cv-04017-SDW-MCA**

Dear Judge Arleo:

      I represent Plaintiff Sherrie Russell-Brown in the above-referenced matter. Respectfully, I write to request permission to file a motion addressing the issue of limited "jurisdictional discovery." The Third Circuit Court of Appeals has found "jurisdictional discovery" particularly appropriate where the plaintiff is faced with the difficult task of trying to establish personal jurisdiction over a corporation. See, e.g., Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 335 (3rd Cir. 2009); Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3rd Cir. 2003). The Federal Rules of Civil Procedure, rather than the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, govern "jurisdictional discovery." See, e.g., In re Automotive Refinishing Paint Antitrust Litigation, 358 F.3d 288, 305 (3rd Cir. 2004) *citing* to Société Nationale Industrielle Aérospatiale v. United States Dist. Court for the S. Dist. of Iowa, 482 U.S. 522, 107 S.Ct. 2542, 96 L.Ed.2d 461 (1987).

      In a letter dated June 24, 2010 (copy attached), SATTERLEE STEPHENS BURKE & BURKE LLP, the attorneys for Defendants the University of Oxford and Oxford University Development (North America), Inc. ("Oxford NA"), expressed doubt that there was any basis for personal jurisdiction. Consequently, in a letter dated September 1, 2010 (copy attached), in anticipation of a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, I contacted SATTERLEE STEPHENS to request that the parties meet and confer regarding the issue of limited "jurisdictional discovery," before submitting this letter to Your Honor, addressing the "jurisdictional discovery" needed. To-date, SATTERLEE STEPHENS have not responded to my September 1, 2010 letter.

      At the request of SATTERLEE STEPHENS, in their June 24, 2010 letter, service of process of the Summons, Ms. Russell-Brown's August 5, 2010 Complaint (Doc. 1) and August 31, 2010 Amended Complaint (Doc. 7), upon Defendant the University of Oxford was effected in accordance

with Article 10(a) of the Hague Service Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"), by delivering a copy of each by UPS, signature required, directly to the Executive Offices of the University of Oxford in the U.K. (Doc. 8, ¶¶ 3, 6). See, e.g., EOI v. Medical Marketing Ltd., 172 F.R.D. 133, 140-41 (D.N.J. 1997) (service of process by mail, in the U.K., satisfies Hague Service Convention); see also, Eli Lilly v. Roussel Corp., 23 F.Supp.2d 460, 471-74 (D.N.J. 1998) (service of process by mail, in Italy and France, satisfies Hague Service Convention); Rogers v. Kasahara, No. 06-2033 (PGS), 2006 WL 6312904, at * 4-5 (D.N.J. October 16, 2006) (service of process by mail, in Japan, satisfies Hague Service Convention). In addition, service of process upon Defendant the University of Oxford was effected by having copies of the Summons, Complaint and Amended Complaint delivered to Oxford NA and Oxford University Press, as domestic agents authorized by appointment or by law to receive service of process on behalf of the University of Oxford (Doc. 8, ¶¶ 3, 6). See, e.g., Volkswagenwerk AG v. Schlunk, 486 U.S. 694, 708 (1987); Dewey v. Volkswagen AG, 558 F.Supp.2d 505, 513-15 (D.N.J. 2008). Finally, service of process of the Summons and Amended Complaint upon new Defendant Oxford NA was effected by delivering a copy of each by UPS, signature required, to CT Corporation, 1209 Orange Street, Wilmington, Delaware 19801, an agent authorized by appointment or by law to receive service of process on behalf of Oxford NA (Doc. 8, ¶ 5).

To allow the Defendants the University of Oxford and Oxford NA the most amount of time to respond to Ms. Russell-Brown's Amended Complaint, I filed the Return of Service Executed on September 3, 2010, using the latest date of service of process of the Amended Complaint upon Defendant the University of Oxford, under Article 10(a) of the Hague Service Convention (Doc. 8, ¶¶ 5, 6). On September 7, 2010, Defendant the University of Oxford applied for and was granted an extension of time until October 1, 2010 to answer Ms. Russell-Brown's Amended Complaint (Doc. 11). On September 7, 2010, Defendant Oxford NA applied for and was granted an extension until October 8, 2010 (Doc. 12).

Ms. Russell-Brown anticipates needing limited "jurisdictional discovery" regarding the following: 1) the aggregate contacts of the Defendant the University of Oxford with the United States (see, e.g., West Afr. Trading & Shipping Co. v. London Int'l Group, 968 F.Supp. 996, 999 (D.N.J. 1997)); 2) the forum-directed intentionally tortious activities of the Defendant the University of Oxford (see, e.g., Calder v. Jones, 465 U.S. 783, 788-90 (1984)); 3) the nature of the relationship between the Defendants the University of Oxford and Oxford NA (see, e.g., New Jersey Reg'l Council of Carpenters v. Horton, Civ.A.No. 08-1731 (KSH), 2010 WL 2674474, at *2 (D.N.J. June 30, 2010)); 4) Defendant Oxford NA's contact with the forum (see, e.g., Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3rd Cir. 2004)). A single contact that creates a substantial connection with the forum can be sufficient to support the exercise of personal jurisdiction over a non-resident defendant. Id.

Thank you for your consideration.

Respectfully yours,

Lennox S. Hinds

LSH/sbt

2

Attachments

cc: SATTERLEE STEPHENS BURKE & BURKE LLP, c/o Zoe Eva Jasper, Esq. (zjasper@ssbb.com), Attorneys for Defendants the University of Oxford and Oxford NA, with attachments (via CM/ECF and e-mail)

**SATTERLEE STEPHENS BURKE & BURKE LLP**
230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818 9200

33 WOOD AVENUE S.
ISELIN, NJ 08830-2735
(732) 603-4966

FAX (212) 818-9606/7
www.ssbb.com

June 24, 2010

Lennox S. Hinds, Esq.
Stevens, Hinds & White, P.C.
116 West 111th Street
New York, NY 10026

Re: Russell-Brown v. The University of Florida Board of Trustees, et al., No. 09-cv-00257-MP-AK

Dear Mr. Hinds:

We have received your letter dated June 16, 2010.

Please be advised that we are not authorized to accept service on behalf of the University of Oxford ("Oxford").

We trust that you will fully comply with the requirements of the Hague Convention in the event that you do, in fact, seek to join Oxford as a party to the litigation in Florida. Frankly, however, we doubt that there is any basis for personal jurisdiction over Oxford in that forum, much less that Ms. Russell-Brown has any claim against the University of the sort that you sketchily describe in your letter.

Very truly yours,

Mark A. Fowler

MAF:gd

807778_1

# *Stevens, Hinds & White, P.C.*

HOPE R. STEVENS (1904-1982)
JAVIER A. WHITE (1945-1987)
LENNOX S. HINDS *

**ATTORNEYS AT LAW**
**116 WEST 111TH STREET**
**NEW YORK, NY 10026**

NEW JERSEY OFFICE
42 VAN DOREN AVENUE
SOMERSET, NJ 08873
(732) 873-3096

Of-Counsel:
JULIETTE CHINAUD
GNOLEBA R. SERI *
DIDIER SEPHO◊

TEL: (212) 864-4445
FAX: (212) 222-2680
E-MAIL: lawfirmshw@yahoo.com

PARIS OFFICE
27, AVENUE DE L'OPERA
75001 PARIS

*Also in*
\*   New Jersey
◊   Paris

September 1, 2010

**BY E-MAIL (zjasper@ssbb.com) and FAX (1-732-603-4977)**

Zoe Eva Jasper, Esq.
SATTERLEE STEPHENS BURKE & BURKE LLP
33 Wood Avenue South
Iselin, NJ 08830

   Re: *Russell-Brown v. The University of Florida Board of Trustees et al.*, No. 10-cv-04017-SDW-MCA

Dear Ms. Jasper:

  I represent Plaintiff Sherrie Russell-Brown in the above-referenced matter. I write to confer with you regarding the issue of "jurisdictional discovery," before submitting a letter brief to Magistrate Judge Arleo addressing the "jurisdictional discovery" needed. The Third Circuit has sustained the right to "jurisdictional discovery," finding that it is particularly appropriate when the defendant is a corporation. *See, e.g., Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 335 (3rd Cir. 2009); *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3rd Cir. 2003). In addition, the Federal Rules of Civil Procedure, rather than the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, govern "jurisdictional discovery." *See, e.g., In re Automotive Refinishing Paint Antitrust Litigation*, 358 F.3d 288, 305 (3rd Cir. 2004) *citing* to *Société Nationale Industrielle Aérospatiale v. United States Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 107 S.Ct. 2542, 96 L.Ed.2d 461 (1987).

  Finally, I attach a letter from Magistrate Judge Arleo.

  Thanking you in advance for your cooperation.

          Very truly yours,

          Lennox S. Hinds

LSH/sbt

Attachment