Sᴀᴛᴛᴇʀʟᴇᴇ Sᴛᴇᴘʜᴇɴs Bᴜʀᴋᴇ & Bᴜʀᴋᴇ ʟʟᴘ

33 WOOD AVENUE S.
SUITE  600
ISELIN, NJ 08830-2735
(732) 603-4966

FAX (732) 603-4977
www.ssbb.com

230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200

HOWARD A. NEUMAN*
CHRISTOPHER R. BELMONTE*

*ALSO ADMITTED IN NEW YORK

E-Mail:  zjasper @ssbb.com
Direct Dial: (212) 404-8752

September 13, 2010

<u>VIA ELECTRONIC FILING AND FIRST CLASS MAIL</u>

The Honorable Madeline Cox Arleo
United States Magistrate Judge
United States District Court for the District of New Jersey
Martin Luther King Courthouse
50 Walnut Street, Room 2060
Newark, NJ 07101

> Re: <u>Russell-Brown v. The University of Florida Board
> of Trustees, , et al.</u>, No. 10-cv-4017-SDW-MCA

Dear Judge Arleo:

   We represent defendants the University of Oxford ("Oxford") and Oxford University Development, North America ("OUD"), in the above-referenced action.  We write in response to Plaintiff's letter, filed on September 9, 2010, in which she requests permission to file a motion seeking jurisdictional discovery.  For the reasons explained below, we respectfully ask that the Court deny the request on the ground that such a motion is premature and would waste the resources of our clients, the other co-defendants, this Court, and Judge Wigenton, to whom this case has been assigned.

   This is the third lawsuit brought by Plaintiff arising primarily from her former service as an assistant professor at the University of Florida, Levin College of Law, and Judge Wigenton is the third federal judge who has been assigned to this on-again, off-again litigation. Each lawsuit makes essentially the same claims of discrimination against plaintiff by reason of race and sex, although only the third seeks to join Oxford and OUD as parties.  The first suit was filed before Judge Paul in the Northern District of Florida and voluntarily dismissed by plaintiff. (See <u>Russell-Brown v. The University of Florida Board of Trustees, et al.</u>, 1:09-cv-00023-MP-AK (N.D. Fla. filed Feb. 5, 2009).  The second suit was filed in the District of New Jersey before the Honorable Stanley R. Chesler, who transferred the case to the Northern District of Florida on

SATTERLEE STEPHENS BURKE & BURKE

The Honorable Madeline Cox Arleo
September 13, 2010
Page 2

December 17, 2009, on the ground of improper venue.  (See Russell-Brown v. The University of Florida Board of Trustees, et al., No. 2:09-cv-02479-SRC-MAS (filed May 22, 2009).  The transferred case was also assigned to Judge Paul and is still pending.  (See Russell-Brown v. The University of Florida Board of Trustees, et al, 1:09-cv-00257-MP-AK (N.D. Fla.).  On August 5, 2010, Plaintiff filed the present suit, which is now before Judge Wigenton.  This time, Oxford and OUD are named as defendants along with various defendants associated with the University of Florida.  The University of Florida defendants have evidently not yet been served.  From the docket, it appears that Plaintiff has failed to disclose to this Court that this case is in significant respects identical to the still-pending case that Judge Chesler transferred nine months ago to the Northern District of Florida.

        The crux of Plaintiff's claims against Oxford is the allegation that Oxford participated in an international conspiracy with the University of Florida defendants to deprive her of her civil rights.  More specifically, she alleges that Oxford, in alleged concert with the University of Florida, terminated her student status in England (after her unsuccessful attempts to satisfy the requirements for admission to a full doctoral program) because of complaints she allegedly made in England concerning race and sex discrimination.  The basis for Plaintiff's claims against OUD (a separate entity that had nothing to do with Ms. Russell-Brown) are not clear, as the Amended Complaint makes no allegations whatsoever regarding any actions or omissions by OUD.  Currently, any answers or motions to dismiss by Oxford or OUD are due, respectively, on October 1, 2010 and October 8, 2010.

        Presumably realizing the extraordinary weakness of her claim that Oxford and OUD are subject to personal jurisdiction in the District of New Jersey, Plaintiff seeks discovery to fish for contacts between Oxford and OUD and this district.  Notably, however, plaintiff fails to offer a single case where a court entertained a motion for jurisdictional discovery before a motion to dismiss for lack of personal jurisdiction had been filed.  Indeed, as Judge Wigenton has noted, the rule is precisely the opposite:  "A court has discretion to allow a party to proceed with discovery when considering a motion to dismiss based on lack of personal jurisdiction." Knierim v. Siemens Corp., No. 06-4935, 2008 WL 906244, at *11 (D.N.J. Mar. 31, 2008) (emphasis added).  The cases cited by Plaintiff agree.  Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 336 n.9 (3d Cir. 2009) (noting that the plaintiff requested jurisdictional discovery in its brief in opposition to the defendant's motion to dismiss for lack of personal jurisdiction); Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 451 (3d Cir. 2003) (same).

        There is no reason to disturb this customary practice simply because Plaintiff, without any explanation, "anticipates" that certain issues will arise in a jurisdictional challenge. (9/9/10 Letter from L. Hinds to J. Arleo at 2.)  To the contrary, it makes sense for a court to consider a request for jurisdictional discovery only in conjunction with a motion to dismiss for lack of personal jurisdiction.  Absent such a motion for airing the issues, a court must simply guess at what potential jurisdictional arguments might arise and what relevant facts might be asserted, and might be disputed, regarding those arguments.  Plaintiff has not explained why this Court or Judge Wigenton should engage in such a hypothetical exercise.  If, in opposition to a

SATTERLEE STEPHENS BURKE & BURKE

The Honorable Madeline Cox Arleo
September 13, 2010
Page 3

motion to dismiss, Plaintiff can first make a colorable claim of jurisdiction and can show to this
Court's satisfaction that discovery will illuminate any jurisdictional issues raised in the motions
to dismiss, she may at that point seek discovery targeted to those specific issues.  Such a request
may only be granted if Plaintiff presents factual allegations "that suggest with reasonable
particularity" that the requisite jurisdictional contacts exist.  See, e.g., Knierem, 2008 WL
906244, at *11-12 (citation omitted).

           Finally, a premature motion addressed to jurisdictional discovery risks wasting
the resources of the parties, this Court, and Judge Wigenton.  As explained above, this suit is
almost the same as the currently pending suit in the Northern District of Florida, in which the as-
yet-un-served co-defendants in this action are parties.  At the same time, the claims against
Oxford are more properly heard in England, where the events in question relating to Oxford took
place, where the relevant witnesses reside, which provides the substantive law that governs
Plaintiff's claims, and where Plaintiff previously initiated an administrative proceeding that
involves many of the same issues referred to in her Amended Complaint.  Thus, it is substantially
likely that Oxford and the University of Florida defendants (when served) will move to transfer
or dismiss the case on the ground of *forum non conveniens*, and Judge Wigenton may decide to
grant defendants' requests without ruling on any jurisdictional challenge.  Indeed, she has
followed this precise procedure at least once before.  See, e.g., CLP Packaging Solutions, Inc. v.
Sports Pouch Beverage Co., No. 07-1532, 2008 WL 2095774, at *1 & n.1 (D.N.J. May 16,
2008).

           Tellingly, Plaintiff does not explain how, despite its irregularity and
inefficiencies, an early motion for jurisdictional discovery would in any way advance the
interests of the parties or of the Court.  Nor does she even attempt to explain why she seeks
discovery before serving three of the co-defendants in this lawsuit, who may have arguments of
their own to make about where this dispute should be heard.  In light of the substantial (and
possibly purposeless) burdens that would result if Plaintiff's request were granted, Oxford and
OUD respectfully request that the Court direct Plaintiff to file her request for jurisdictional
discovery, if any, only after Oxford and OUD file their likely motions to dismiss.


                          Respectfully submitted,

                          /s/ Zoë E. Jasper