# *Stevens, Hinds & White, P.C.*

**ATTORNEYS AT LAW**
**116 WEST 111TH STREET**
**NEW YORK, NY 10026**

HOPE R. STEVENS (1904-1982)
JAVIER A. WHITE (1945-1987)
LENNOX S. HINDS *

NEW JERSEY OFFICE
42 VAN DOREN AVENUE
SOMERSET, NJ 08873
(732) 873-3096

Of-Counsel:
  JULIETTE CHINAUD
  GNOLEBA R. SERI *
  DIDIER SEPHO◊

TEL: (212) 864-4445
FAX: (212) 222-2680
E-MAIL: lawfirmshw@yahoo.com

PARIS OFFICE
27, AVENUE DE L'OPERA
75001 PARIS

*Also in*
*   New Jersey
◊   Paris

September 14, 2010

***VIA ELECTRONIC FILING AND FAX (1-973-297-4906)***
Honorable Madeline Cox Arleo, United States Magistrate Judge
United States District Court
MARTIN LUTHER KING COURTHOUSE
50 Walnut Street – Room 2060
Newark, New Jersey 07101

> Re:   **Russell-Brown v. The University of Florida Board of Trustees et al., No. 10-cv-04017-SDW-MCA**

Dear Judge Arleo:

I represent Plaintiff Sherrie Russell-Brown in the above-referenced matter.  Respectfully, I write to further clarify the misrepresentations made to Your Honor by Mr. Marx in his September 13, 2010 letter (Doc. 14), regarding the nature of the above-referenced matter and the conditions of dismissal of Ms. Russell-Brown's action in the Northern District of Florida.  I also write to inform Your Honor that Ms. Russell-Brown filed a Notice of Appeal in 09-cv-257, removing jurisdiction from the Northern District of Florida. Consequently, there is no "pending" action in the Northern District of Florida. Finally, I write to bring disturbing information to Your Honor's attention.  Upon information and belief, in further retaliation against Ms. Russell-Brown, Mr. Marx provided an earlier version of his September 13, 2010 letter, with its misrepresentations, to a reporter for the National Law Journal, who then published the letter verbatim.  Copies of the National Law Journal article and Mr. Marx's September 13, 2010 letter, with handwritten cross-references for Your Honor's convenience, are attached.  For example, Mr. Marx incorrectly states in his letter (¶ 3) that Ms. Russell-Brown was "passed over" for tenure, although he is fully aware that Ms. Russell-Brown involuntary resigned her academic appointment in December 2007, <u>years</u> before she would have been considered for tenure, during the 2009-2010 academic year.  Mr. Marx misrepresented that fact in his letter, which was then provided to the National Law Journal for publication, in order to further defame and humiliate Ms. Russell-Brown, for continuing to engage in protected activity.  The misrepresentation regarding tenure has been corrected and Ms. Russell-Brown has requested a full retraction and apology.  Meanwhile, I am considering filing an ethics complaint against Mr. Marx, for his retaliation against Ms. Russell-Brown and his misrepresentations to Your Honor.  I am also considering formally opposing Mr. Marx's appearance in this action, in light of the ethics and credibility concerns.

First, in the above-referenced matter, Ms. Russell-Brown is <u>not</u> alleging Title VII employment discrimination against the Gainesville Defendants. Ms. Russell-Brown's Amended Complaint (Doc. 7, ¶ 1) alleges that the Oxford and Gainesville Defendants conspired to deprive Ms. Russell-Brown of her civil rights, in violation of sections 1981, 1983, Titles VI and IX.

Second, in the sixth and tenth paragraphs of his letter, Mr. Marx states that: 1) Ms. Russell-Brown must pay the Gainesville Defendants' prior costs and fees <u>before</u> any "new" suit may be brought; 2) Ms. Russell-Brown "has not paid any of [the Gainesville Defendants'] prior costs and fees;" 3) therefore, "this dispute" is still before the Northern District of Florida and limited "jurisdictional" discovery involving the Oxford Defendants, should not proceed in the District of New Jersey. These statements are abjectly false.

As, again, Mr. Marx is fully aware, the Gainesville Defendants requested and received an extension of time until today, to file their affidavit of costs and fees. To-date, the Gainesville Defendants have not submitted their invoices to the Court. More importantly, the District Court did <u>not</u> condition payment of the Gainesville Defendants' prior costs and fees on whether or not Ms. Russell-Brown brought or pursued a "new" suit. The District Court has required that Ms. Russell-Brown pay the Gainesville Defendants' prior costs and fees, <u>irrespective of whether she brings or pursues a "new" suit</u> (Doc. 141, ¶ 1).

In sum, Ms. Russell-Brown's payment of the Gainesville Defendants' prior costs and fees in the Northern District of Florida action – which, in any event, is no longer "pending" – is wholly unrelated to the issue of limited "jurisdictional" discovery, involving the Oxford Defendants.

Thank you for your consideration.

Respectfully yours,

Lennox S. Hinds

LSH/sbt

Attachments

cc:    SATTERLEE STEPHENS BURKE & BURKE LLP, c/o Zoe Eva Jasper, Esq. (zjasper@ssbb.com), Attorneys for the Oxford Defendants, with attachments (via CM/ECF and e-mail)

 GreenbergTraurig

Ian S. Marx
Direct Dial: (973) 360-7951
Direct Fax: (973) 295-1307
Email: marxi@gtlaw.com

September 13, 2010

**BY FACSIMILE and ELECTRONIC FILING**

Honorable Madeline Cox Arleo, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Federal Building
  & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

                    RE:    **Russell-Brown v.**
                           **The University of Florida Board of Trustees, et. al.**
                           **Civil Action No.:10-cv-4017(SDW)(MCA)**

Dear Judge Arleo:

        We represent Defendants The University of Florida Board of Trustees, The University of Florida Levin College of Law and Robert H. Jerry, II (the "U of F Defendants") and write in response to a letter to Your Honor dated September 9, 2010 from Plaintiff's counsel, who requests permission to file a motion to take "jurisdictional discovery". For reasons summarized below, we believe that request should be denied. Plaintiff is a former assistant professor at the University of Florida Levin College of Law, who separated from the Law School at the end of 2007, at which time she signed a Separation Agreement and General Release, in which she released any theoretical claims against the U of F Defendants (Plaintiff is a former litigation associate at Paul, Weiss, Rifkind, Wharton & Garrison who began teaching at the law school in 2001). Despite having released such claims, this is her third action alleging claims for employment discrimination against the U of F Defendants. We write to provide Your Honor with some initial background concerning Plaintiff's request, including the fact that last year Judge Chesler transferred Plaintiff's claims out of this District, as it was determined by him to be an improper venue in which to litigate this dispute.[1]

        In the present Complaint, Ms. Russell-Brown now alleges that the law school colluded with administrators at the University of Oxford to interfere with her doctoral studies. She claims that Florida administrators acted in retaliation against her because she accused them of racial discrimination.

---

[1]   As explained below, in an apparent attempt to shop for a different forum, Plaintiff failed to disclose the prior action before Judge Chesler, when this case was commenced.

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
200 Park Avenue ■ P.O. Box 677 ■ Florham Park, NJ 07932 ■ Tel 973.360.7900 ■ Fax 973.301.8410

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO**
TYSONS CORNER
WASHINGTON, D.C.
WHITE PLAINS
ZURICH
*OPERATES AS GREENBERG
  TRAURIG MAHER LLP
**STRATEGIC ALLIANCE

Hon. Madeline Cox Arleo, U.S.M.J.
September 13, 2010
Page 2

    Ms. Russell-Brown initially sued the law school in United States District Court for the Northern District of Florida in early 2009, claiming that she was passed over for tenure and forced out of her associate professor position in 2007 after complaining of pervasive racism and sexism. Plaintiff voluntarily "withdrew" that suit.

    Just days before withdrawing the suit in the Northern District of Florida, Ms. Russell-Brown surreptitiously filed a virtually identical discrimination lawsuit against the University of Florida before this Court in New Jersey (09-cv-2479(SRC)(MAS). By Opinion and Order entered on December 7, 2009 (a copy of which is attached hereto as Exhibit A), Judge Chesler transferred the case to the Northern District of Florida because he determined that New Jersey is an improper forum in which to litigate this dispute.

    Following the transfer of the case from this Court, litigation proceeded in the Northern District of Florida, but an adjudication on the merits was delayed. In an apparent attempt to avoid an adverse ruling on the merits, Plaintiff requested permission to voluntarily withdraw her claims without prejudice in the Northern District of Florida. We opposed the motion and the Court entered an order permitting the dismissal without prejudice, but subject to certain conditions (a copy of the Court's Opinion of August 19, 2010 is attached hereto as Exhibit B). According to Judge Paul:

> The course of the litigation in [the case] has been anything but smooth, due mainly to the switching of counsel by Plaintiff, periods of unavailability of Plaintiff's current counsel, frequent motions to extend time or cancel hearings filed by Plaintiff, and a series of motions filed by Plaintiff that Defendants were required to respond to and which were later found to be without merit by the Court.

    Although the court granted her motion to voluntarily dismiss the suit without prejudice, it ruled that, pursuant to Rule 41, Ms. Russell-Brown must pay the U of F Defendants' attorney fees before any "new" suit attempting to raise such clams may be brought. Additionally, our counterclaim against Ms. Russell-Brown remains pending before the Northern District of Florida. Ms. Russell-Brown has not paid any of our prior costs and fees in connection with the prior litigations.

    Plaintiff's letter request has not apprised Your Honor of the foregoing significant history of this case, including the fact that there is currently pending an action before the Northern District of Florida; nor of the fact of Judge Chesler's prior involvement in this matter and his well-reasoned prior determination that this Court was not a proper venue in which to litigate this dispute. Judge Chesler's reasoning applies to this claim as well.

    Moreover, Plaintiff did not comply with Local Rule 11.2, which obligates a party filing an initial pleading to submit a Certification as to whether the matter in controversy "is the subject of any other action pending in *any* court ... and, if so ... to identify each such action". The required Certification would obviously have to identify the action currently pending between the parties in the Northern District of Florida (09-CV-257-MP-AK) as well as the

# THE NATIONAL LAW JOURNAL

Select **'Print'** in your browser menu to print this document.

**Copyright 2010. ALM Media Properties, LLC. All rights reserved. National Law Journal Online**
Page printed from: http://www.nlj.com

Back to Article

---

## Former professor refiles bias claim against University of Florida
Karen Sloan
September 01, 2010

*Editor's Note: This article has been changed to reflect that Sherrie Russell-Brown involuntarily resigned her position as Associate Professor before she was allowed to be considered for tenure, during the 2009-2010 academic year. She was not "passed over" for tenure, as an earlier version indicated. The story has also been changed to reflect that Russell-Brown was an associate professor at the time, not an assistant professor. We regret the errors.*

A former associate professor has filed an employment discrimination action against the University of Florida Levin College of Law - her third such action against the law school.

A   Sherrie Russell-Brown alleges that the law school colluded with administrators at the University of Oxford to get her booted from her doctoral studies. She claims that Florida administrators acted in retaliation against her because she accused them of racial discrimination.

Russell-Brown filed her latest lawsuit on Aug. 5 in U.S. District Court for the District of New Jersey. Click here for the complaint.

B   Russell-Brown initially sued the law school in U.S. District Court for the Northern District of Florida in early 2009, claiming that she was forced out of her associate professor position in 2007 after complaining of pervasive racism and sexism. Russell-Brown, a former litigation associate at Paul, Weiss, Rifkind, Wharton & Garrison who began teaching at the law school in 2001, voluntarily withdrew that suit four months after filing it, according to court records. Russell-Brown's attorneys had withdrawn about a month after she filed the suit, citing irreconcilable differences.

C   Just days before withdrawing the suit, Russell-Brown filed a virtually identical discrimination lawsuit against the University of Florida in New Jersey. After seven months of litigation, the court transferred the case to the U.S. District Court for the Northern District of Florida.

D   "The course of the litigation in [the case] has been anything but smooth, due mainly to the switching of counsel by Plaintiff, periods of unavailability of Plaintiff's current counsel, frequent motions to extend time or cancel hearings filed by Plaintiff, and a series of motions filed by Plaintiff that Defendants were required to respond to and which were later found to be without merit by the Court," U.S. District Judge Maurice Paul wrote in an Aug. 19 order allowing Russell-Brown to voluntarily dismiss the second lawsuit.

The order notes that her second attorney withdrew from the case in late 2009.

E   According to court records, the University of Florida opposed the voluntary dismissal of Russell-Brown's second suit without prejudice and has filed a countersuit. Although the court granted her motion to voluntarily dismiss the second suit, it ruled that Russell-Brown must pay the university's attorney fees.

The latest lawsuit takes a slightly different tack, adding Oxford University as a defendant along with the University of Florida. The complaint says that Russell-Brown took a leave of absence from the law school in from 2004 to 2006 to work toward a doctorate in public international law at Oxford. While in England, Russell-Brown "reported various incidents which she believed constituted unlawful sex and race discrimination against herself and others" to law school officials in Florida. When she returned to the faculty, she was treated with hostility from faculty members and certain students, she alleges. She filed a complaint against the school with the U.S. Equal Employment Opportunity Commission in August 2007 and subsequently was placed on leave without pay before being forced to resign, she

alleges.

Officials from both schools entered into a conspiracy to have her status as an Oxford student terminated before she completed her doctorate, the complaint says. Russell-Brown also claims that both institutions have provided false and negative references to academic institutions in New Jersey and potential employers.

Russell-Brown's attorney, Lennox Hinds of New York-based Stevens, Hinds & White, did not return calls for comment on Wednesday.

The University of Florida is represented in the matter by two attorneys from Greenberg Traurig, who referred questions to a university spokeswoman. The university declined to comment.

The defendants have yet to file a response to the latest suit, but refuted Russell-Brown's previous claims in answers to the earlier suits. They said that she did not give the university timely notice that she was taking a leave of absence to study at Oxford and that she was granted only a one-year leave. She agreed to return to teach in 2005, only to pull out one week before the start of the semester, claiming that she needed to take a medical leave of absence, according to court documents.

"Defendants aver that, to the extent certain of Plaintiffs' colleagues chose to limit their interactions with her, such choice was the result of Plaintiffs' personal interactions with those colleagues. At no time were faculty or anyone else instructed or encouraged to shun Plaintiff," the university wrote in response to Russell-Brown's original suit.

*Karen Sloan can be contacted at ksloan@alm.com.*