## SATTERLEE STEPHENS BURKE & BURKE LLP
230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200

METROPARK
33 WOOD AVENUE SOUTH
ISELIN, NJ 08830
(732) 603-4966

FAX (212) 818-9606, 9607
www.ssbb.com

E-Mail: jdoty@ssbb.com
Direct Dial: (212) 404-8752

November 11, 2010

VIA ELECTRONIC FILING AND FIRST CLASS MAIL

The Honorable Madeline Cox Arleo
United States Magistrate Judge
United States District Court for the District of New Jersey
Martin Luther King Courthouse
50 Walnut Street, Room 2060
Newark, NJ 07101

   Re: Russell-Brown v. The University of Florida Board
      of Trustees, , et al., No. 10-cv-4017-SDW-MCA

Dear Judge Arleo:

   We represent defendants the University of Oxford ("Oxford") and Oxford University Development, North America ("OUD") (collectively, the "Oxford Defendants") in the above-referenced action. We write in response to Plaintiff's letter, filed on November 9, 2010, in which she, among other things, renews her request for jurisdictional discovery. The Oxford Defendants respectfully request that the Court again deny Plaintiff's premature request.

   In light of the utter lack of connection between Plaintiff's (far-fetched) allegations, defendants, and the forum, it is understandable that Plaintiff seeks jurisdictional discovery to bolster the plainly inadequate allegations in her (Second) Amended Complaint. See Park v. Oxford Univ., 35 F. Supp. 2d 1165, 1167-68 (dismissing civil rights claims of an expelled Oxford student on the ground that the Court lacked personal jurisdiction over the university), aff'd, 165 F.3d 917 (9th Cir. 1998). That is no reason, however, to disregard the customary rule that a request for jurisdictional discovery is most properly addressed in an opinion resolving a defendant's jurisdictional challenge. See, e.g., Knierim v. Siemens Corp., No. 06-4935, 2008 WL 906244, at *11 (D.N.J. Mar. 31, 2008) ("A court has discretion to allow a party to proceed with discovery when considering a motion to dismiss based on lack of personal jurisdiction.") (emphasis added) (Wigenton, J.). Notably, Plaintiff has not cited a single case where a court permitted jurisdictional discovery without first weighing a defendant's motion to dismiss for lack of personal jurisdiction.

   As the Oxford Defendants explained in their September 13, 2010 letter to the Court, the rationale animating the traditional rule is obvious: jurisdictional discovery is proper only if a court concludes that a plaintiff has alleged with "reasonable particularity" that the requisite jurisdictional contacts exist, and a court cannot make that determination until a plaintiff

1032861_2

SATTERLEE STEPHENS BURKE & BURKE LLP

The Honorable Madeline Cox Arleo
November 11, 2010
Page 2

sets forth the purported bases for jurisdiction and offers any supporting evidence. See Eurofins Pharma US Holdings v. Bioalliance Pharma SA, --- F.3d ----, No. 09-3790, 2010 WL 3960583, at *6 (3d Cir. Oct. 12, 2010).

In response, Plaintiff has offered no reason -- apart from the current weakness of her jurisdictional case -- why discovery is appropriate at this time. The motions of the Oxford Defendants will be fully briefed in a few weeks, and Judge Wigenton -- or this Court, if Judge Wigenton refers the jurisdictional motions to Your Honor -- can determine at that time whether jurisdictional discovery is appropriate. Plaintiff's suggestion that there is an urgent need for jurisdictional discovery is belied by the fact that, according to the docket, Plaintiff has not yet bothered to serve the (Second) Amended Complaint on three of the defendants.

Indeed, as the Oxford Defendants' motions to dismiss make clear, this Court should be even more hesitant than in a typical case to order jurisdictional discovery. The Oxford Defendants have offered two bases for dismissal -- forum non conveniens and the existence of a first-filed action -- that, if accepted, would permit the Court to avoid ruling on their jurisdictional challenges. See, e.g., Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 429 (2007) (holding that dismissal on forum non conveniens grounds was appropriate even if personal jurisdiction was lacking); Ivy Dry, Inc. v. Zanfel Laboratories, Inc., 08-4942, 2009 WL 1851028, at *3 (D.N.J. June 24, 2009) (dismissing action based on first-filed rule and declining to rule on defendant's jurisdictional challenge). There is simply no reason to permit jurisdictional discovery when Judge Wigenton or this Court may ultimately decide that the jurisdictional aspects of the Oxford Defendants' motions are moot.

In sum, Plaintiff essentially invites this Court, in the guise of a request for discovery, to consider the merits of the jurisdictional motions before they are briefed and while they are pending before Judge Wigenton. Because there is no reason to waste the resources of the parties, this Court or Judge Wigenton in this way, the Oxford Defendants respectfully request that the Court direct Plaintiff to include any request for jurisdictional discovery in her opposition briefs so that the request may be considered in tandem with the relevant motions.

Respectfully submitted,

James I. Doty

cc:   The Honorable Susan G. Wigenton
      Ian Marx, Esq.
      Bruce Rosen, Esq.

1032861_2