# Stevens, Hinds & White, P.C.

| | ATTORNEYS AT LAW | |
|---|---|---|
| HOPE R. STEVENS (1904-1982) | | NEW JERSEY OFFICE |
| JAVIER A. WHITE (1945-1987) | 116 WEST 111TH STREET | 42 VAN DOREN AVENUE |
| LENNOX S. HINDS * | NEW YORK, NY 10026 | SOMERSET, NJ 08873 |
| | | (732) 873-3096 |
| *Of-Counsel:* | | |
| JULIETTE CHINAUD | TEL: (212) 864-4445 | **PARIS OFFICE** |
| GNOLEBA R. SERI * | FAX: (212) 222-2680 | 27, AVENUE DE L'OPERA |
| DIDIER SEPHO◊ | E-MAIL: lawfirmshw@yahoo.com | 75001 PARIS |
| *Also in* | | |
| *   New Jersey | | |
| ◊   Paris | | |

November 12, 2010

**VIA ELECTRONIC FILING AND FAX (1-973-297-4906)**
Honorable Madeline Cox Arleo, United States Magistrate Judge
United States District Court
MARTIN LUTHER KING COURTHOUSE
50 Walnut Street – Room 2060
Newark, New Jersey 07101

Re:   **Russell-Brown v. The University of Florida Board of Trustees et al., No. 10-cv-04017-SDW-MCA**

Dear Judge Arleo:

I represent Plaintiff Sherrie Russell-Brown in the above-referenced matter. I write in further support of my renewed request for limited, focused jurisdictional discovery (Doc. 31), and in reply to the Oxford Defendants' November 11, 2010 letter in opposition (Doc. 32).

The following are examples of several cases in the District of New Jersey, including cases before Your Honor and/or Judge Wigenton, where jurisdictional discovery was conducted either before a motion to dismiss for lack of personal jurisdiction was filed or before a plaintiff's opposition brief was due: Oticon, Inc. v. Vivatone Hearing Sys., LLC, No. 08-5489 (FLW)(LHG) (Doc. 101, June 18, 2010) (terminating, without prejudice, motion to dismiss for lack of personal jurisdiction, pending resolution of jurisdictional discovery); Bachmann Software & Serv., LLC v. InTouch Group, Inc., No. 08-2025 (KSH)(PS) (Doc. 12, June 26, 2008) (jurisdictional discovery conducted before motion to dismiss for lack of personal jurisdiction was filed); Celgene Corp. v. Abrika Pharm., Inc., No. 06-5818 (Wigenton, J.)(Arleo, Mag. J.) (Doc. 27, Feb. 9, 2007) (granting jurisdictional discovery and amending briefing schedule to accommodate jurisdictional discovery, before plaintiff's opposition brief was due); Lipoid, LLC v. Science & Ingredients, Inc., No. 06-3740 (JAG)(Arleo, Mag. J.) (Doc. 21, Oct. 5, 2006) (granting jurisdictional discovery before plaintiff's opposition brief was due); Alkaline Corp. v. Burnett, No. 02-2246 (Thompson, C.J.) (Doc. 12, Oct.

9, 2002) (granting plaintiff 30 days to conduct jurisdictional discovery and staying defendant's motion to dismiss).

Consequently, Ms. Russell-Brown's request for jurisdictional discovery is <u>not</u> premature and, since the Oxford Defendants have asked that she consent to an extension of the briefing schedule, until December 20, 2010, there certainly is time and an opportunity to amend the briefing schedule to accommodate jurisdictional discovery. In sum, the Oxford Defendants' argument in response to Ms. Russell-Brown's initial request for jurisdictional discovery, that it is the "customary practice" in the District of New Jersey to consider a request for jurisdictional discovery only <u>after</u> a motion to dismiss for lack of personal jurisdiction has been <u>filed</u> (Doc. 15 at 2, ¶¶ 3-4), and their argument, in response to Ms. Russell-Brown's renewed request for jurisdictional discovery, that, apparently, now, it is the "customary rule" in the District of New Jersey to consider a request for jurisdictional discovery only <u>after</u> the motion has been <u>briefed and submitted</u> (Doc. 32 at 1, ¶ 2), are self-serving and erroneous.

As for the Oxford Defendants' repeated references to the "first-filed" rule and <u>forum non conveniens</u>, "[a]s two bases for dismissal . . . that, if accepted, would permit the Court to avoid ruling on their jurisdictional challenges," again, as documented in my November 9 letter (Doc. 31 at 1-2, ¶ 2, Exhibit A), Ms. Russell-Brown voluntarily dismissed her Northern District of Florida action in August, appealed the conditions imposed on dismissal and <u>the Eleventh Circuit has selected Ms. Russell-Brown's appeal for mediation, scheduled in December</u>. <u>In fact, there is no pending case in the Northern District of Florida, to or for which to transfer or stay, based on the "first-filed" rule</u>. See, e.g., <u>Sperry Associates Fed. Credit Union v. Cumis Ins. Soc., Inc.</u>, No.10-29-DRD-MAS (D.N.J. Apr. 5, 2010) (order in which Judge Debevoise denied, as moot, the defendants' motion to dismiss or stay based on the "first-filed" rule, in light of the recent remand of the "first-filed" action from the District Court for the Western District of Wisconsin back to a Wisconsin state court).

Similarly, because Oxford has failed to place in the record <u>any</u> information regarding the threshold issue of whether it or its seven American co-defendants would be subject to personal jurisdiction in English Courts (Doc. 31 at 2-3, ¶¶ 4-8), respectfully, this Court, in fact, <u>cannot</u> delve any further into its <u>forum non conveniens</u> analysis. See, e.g., <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 255 n. 22, 102 S.Ct. 252 (1981) ("At the outset of any forum non conveniens inquiry, the court must determine whether there exists an alternative forum"); <u>Eurofins Pharma US Holdings v. BioAlliance Pharma SA</u>, No. 09-3790, 2010 WL 3960583, at *9 (3rd Cir. Oct. 12, 2010) ("Here, the District Court determined that France provides an adequate alternate forum for this litigation. It found that each of the defendants is amenable to service of process in France and that, in any event, none of the defendants will contest personal jurisdiction there"); <u>Lacey v. Cessna Aircraft Co. ("Lacey II")</u>, 932 F.2d 170, 177, 185 (3rd Cir. 1991) ("To be a suitable alternative forum, the foreign jurisdiction must have jurisdiction over all defendants"); <u>Lacey v. Cessna Aircraft Co. ("Lacey I")</u>, 862 F.2d 38, 44, 49 (3rd Cir. 1988) ("[W]e conclude that the defendants did not submit adequate information of record to facilitate the forum non conveniens analysis. We also conclude that the district court did not hold the defendants to their burden of persuasion"); <u>D'Elia v. Grand Caribbean Co., Ltd.</u>, No. 09-cv-1707 (NLH)(KMW), 2010 WL 1372027, at *7 (D.N.J. Mar. 30, 2010) ("Because Interval Servicing has failed to satisfy this threshold inquiry, [conceding that it is subject to the jurisdiction of Mexican courts or that it would waive any jurisdictional or other legal obstructions that may impede plaintiffs' case there], the Court need not delve any further into its forum non conveniens analysis"); <u>Technology Development Co., Ltd. v. Onischenko</u>, 536 F.Supp.2d 511, 517 (D.N.J. 2007) ("A determination of whether an adequate alternative forum exists is a

threshold issue on a motion to dismiss for forum non conveniens"); Derensis v. Coopers & Lybrand Chartered Accountants, 930 F.Supp. 1003, 1007 (D.N.J. 1996) ("Defendants have satisfied the first requirement that all defendants are amenable to process in Canada").

Notably, counsel for the Oxford Defendants, Walter Saurack, authored an article entitled, "PROTECTING THE STUDENT: A CRITIQUE OF THE PROCEDURAL PROTECTION AFFORDED TO AMERICAN AND ENGLISH STUDENTS IN UNIVERSITY DISCIPLINARY HEARING," 21 J.C. & U.L. 785 (1995), in which he concludes that, although English courts "have recognized that students have a right to notice, a right to a hearing, a right to cross-examine witnesses and a right to have an unbiased decisionmaker," English courts "typically have refused to enforce these rights." Id. at 809.

Ms. Russell-Brown's case is easily distinguished from Park v. Oxford Univ., 35 F.Supp.2d 1165 (N.D.Cal. 1997). In Park, the Court found that the *pro se* plaintiff's asserted contacts between Oxford and California did not rise to the "high level" of contact necessary, under Ninth Circuit jurisprudence, to establish general jurisdiction over Oxford. Id. at 1167. Mr. Park did not address and, therefore, the Court did not address the issue of specific jurisdiction over Oxford. Id. at 1168. By contrast, here, Ms. Russell-Brown is not alleging that this Court has general jurisdiction over Oxford.

Finally, on the issue of jurisdictional discovery, Ms. Russell-Brown's case is also easily distinguished from Eurofins. In Eurofins, the Third Circuit affirmed the District of Delaware's denial of plaintiffs' motion for jurisdictional discovery because, in their complaint, plaintiffs failed to allege any facts, irrespective of "reasonable particularity," supporting personal jurisdiction over the defendants, under Delaware's long-arm statute – either that the defendants had committed an "act or omission" in Delaware or had contracted to supply services or things in Delaware. See Eurofins, 2010 WL 3960583, at *6-7.

By contrast, here, in my November 9 letter (Doc. 31 at 3-6, ¶¶ 9-14), I describe for Your Honor, in great detail, at least, five bases for personal jurisdiction over the Oxford Defendants and the, approximately, 58 paragraphs of factual allegations in Ms. Russell-Brown's First Amended Complaint (Doc. 20), which suggest "'with reasonable particularity' the possible existence of the requisite 'contacts between [the Oxford Defendants] and the forum state.'" See Eurofins, 2010 WL 3960583, at *6.

Take, for example, the December 2, 2008 e-mail (Doc. 20 ¶ 91, Exhibit C), in which, in order to assist the Gainesville Defendants in bolstering their "incompetence" defense to her federal civil rights claims and in retaliating against her, an Oxford professor agreed to fail Ms. Russell-Brown in her January 2009 examination, which was scheduled to take place in New Jersey. Since this is a non-diversity, federal question case, if Oxford lacks sufficient jurisdictional contacts in any State, the federal long-arm statute, Fed. R. Civ. P. 4(k)(2), applies, and the focus turns to Oxford's aggregate contacts with the United States. It is undisputed that the Oxford professor was in the United States when he entered into the agreement with the Gainesville Defendants, to deprive Ms. Russell-Brown of her federal civil rights (Doc. 20 ¶ 90, Exhibit B). Certainly, paragraphs 90-92, Exhibits B and C to Ms. Russell-Brown's First Amended Complaint (Doc. 20) suggest "'with reasonable particularity" the possible existence of the requisite contacts or connection between Oxford and the United States. See Eurofins, 2010 WL 3960583, at *6.

3

In conclusion, in their Motions to Dismiss (Doc. 24-1 at 10, Doc. 26-1 at 5), the Oxford Defendants contend that, "[i]n attempting to establish jurisdiction, 'at no point may a plaintiff rely on the bare pleadings alone' . . . Instead, a plaintiff must 'respond with actual proofs, not mere allegations.'" In their Motions to Dismiss (Doc. 24-1 at 10, Doc. 26-1 at 5), the Oxford Defendants also contend that, "[w]hen a court assesses a motion to dismiss for lack of personal jurisdiction in a case involving multiple defendants, the contacts of each defendant with the forum state must be evaluated individually." There are several non-frivolous bases for personal jurisdiction over the Oxford Defendants. It would be a waste of the parties' and the Court's resources to require Ms. Russell-Brown to brief her opposition papers first, when she has already identified and is requesting assistance with limited, focused jurisdictional discovery. Further, in any event, the Oxford Defendants are seeking an extension of the briefing schedule, which can be an opportunity to accommodate jurisdictional discovery.

Thank you for your consideration.

Respectfully submitted,

/s/ Lennox S. Hinds

LSH/sbt

cc: Zoe Eva Jasper, Esq., Attorney for Defendants the University of Oxford and Oxford University Development (North America), Inc. (via CM/ECF)

Bruce Rosen, Esq., Attorney for Defendants ALM Media, LLC, William L. Pollak and Karen Sloan (via CM/ECF)