# Stevens, Hinds & White, P.C.

HOPE R. STEVENS (1904-1982)
JAVIER A. WHITE (1945-1987)
LENNOX S. HINDS *

**ATTORNEYS AT LAW**
**116 WEST 111TH STREET**
**NEW YORK, NY 10026**

NEW JERSEY OFFICE
42 VAN DOREN AVENUE
SOMERSET, NJ 08873
(732) 873-3096

*Of-Counsel:*
JULIETTE CHINAUD
GNOLEBA R. SERI *
DIDIER SEPHO◊

TEL: (212) 864-4445
FAX: (212) 222-2680
E-MAIL: lawfirmshw@yahoo.com

PARIS OFFICE
27, AVENUE DE L'OPERA
75001 PARIS

*Also in*
\*   New Jersey
◊   Paris

November 15, 2010

**<u>VIA ELECTRONIC FILING AND FAX (1-973-297-4906)</u>**
Honorable Madeline Cox Arleo, United States Magistrate Judge
United States District Court
MARTIN LUTHER KING COURTHOUSE
50 Walnut Street – Room 2060
Newark, New Jersey 07101

      Re:    **Russell-Brown v. The University of Florida Board of Trustees et al., No. 10-cv-04017-SDW-MCA**

Dear Judge Arleo:

      I represent Plaintiff Sherrie Russell-Brown in the above-referenced matter. I write to offer some final words in further support of my renewed request for limited, focused jurisdictional discovery (Docs. 31 and 33) and in reply to the Oxford Defendants' November 12, 2010 letter (Doc. 34). I also write regarding very serious comments made about me by James I. Doty, Esq., an Associate at SATTERLEE STEPHENS BURKE & BURKE, counsel for the Oxford Defendants.

      First, the overwhelming case law, since 1968, in the Supreme Court, Third Circuit and District of New Jersey, support that the Oxford Defendants' motion to dismiss for lack of personal jurisdiction, <u>not</u> Ms. Russell-Brown's request for jurisdictional discovery, is premature.[1]

---

[1] <u>Metcalfe v. Renaissance Marine, Inc.</u>, 566 F.3d 324, 336 (3rd Cir. 2009) (reversing and remanding to allow plaintiffs to conduct jurisdictional discovery before the District Court conclusively decided whether exercising jurisdiction over defendant is permissible); <u>Toys "R" Us, Inc. v. Step Two, S.A.</u>, 318 F.3d 446, 455-57 (3rd Cir. 2003) (reversing and remanding to allow for limited jurisdictional discovery); <u>Renner v. Lanard Toys Ltd.</u>, 33F.3d 277, 283-84 (3rd Cir. 1994) ("[Plaintiffs] are entitled to conduct discovery into the jurisdictional facts"); <u>Nehemiah v. Athletics Cong. of U.S.</u>, 765 F.2d 42, 48 (3rd Cir. 1985) ("We reject IAAF's invitation to pretermit Nehemiah's opportunity to garner the necessary facts to establish jurisdiction and to prove his case"); <u>Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances</u>, 723 F.2d 357, 362-63 (3rd Cir. 1983) ("In insured's diversity action against foreign insurance companies, precise scope of discovery to be permitted would be left to sound discretion of district court, but scope would be broad enough to allow insured to pursue both 'doing business' and 'minimum contacts' theories of personal jurisdiction, at

The Supreme Court instructs that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13 (1978). The Third Circuit *compels* District Courts to permit jurisdictional discovery before dismissing an action for lack of personal jurisdiction "[i]f the plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite contacts between the party and the forum state [internal citation omitted]." See Arthur Schuman, Inc. v. Banco Santander Brasil, S.A., No. 06-1331 (PGS)(ES), 2008 WL 320430, at *10 (D.N.J. Jan. 30, 2008) (adopting Report and Recommendation of Magistrate Judge Esther Salas); Cosa Marble, Inc. v. Classic Tile, Inc., No.07-587 (PGS)(ES), 2008 WL 320465, at *3 (D.N.J. Jan. 28, 2008) (same). Stated differently, "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" See Arthur Schuman, Inc., 2008 WL 320430, at *10. Here, as Ms. Russell-Brown has demonstrated in her November 9 and 12, 2010 letters to Your Honor (Doc. 31 at 3-6, ¶¶ 9-14, Doc. 33 at 3), her claims against the Oxford Defendants are not "frivolous," let alone "clearly frivolous."

---

least until one or the other was conclusively ruled out"); Fraley v. Chesapeake Ohio Ry, 397 F.2d 1, 3 (3rd Cir. 1968) (reversing and remanding because District Court erred in refusing jurisdictional discovery); Krishanthi v. Rajaratnam, No. 09-cv-05395 (DMC-JAD), 2010 WL 3429529, at *16-17 (D.N.J. Aug. 26, 2010) ("The Court reserves judgment as to the issue of personal jurisdiction over Defendant TRO-USA, pending the conclusion of jurisdictional discovery"); CCP Sys. AG v. Samsung Electronics Corp., Ltd., No. 09-cv-4354 (DMC)(CCC), 2010 WL 2546074, at *6 (D.N.J. June 21, 2010) (denying, without prejudice, defendant's motion to dismiss for lack of personal jurisdiction pending jurisdictional discovery); Flagship Interval Owner's Ass'n v. Philadelphia Furniture Mfg. Co., No. 09-1173 (JBS/JS), 2010 WL 1135736, at *7 (D.N.J. Mar. 22, 2010) ("Because the precise relationship between Philadelphia Furniture and Artone is in dispute, the Court will permit Plaintiff to engage in jurisdictional discovery on this issue"); Schindler Elevator Corp. v. Otis Elevator Co., No. 09-560 (DMC), 2009 WL 1351578, at *4 (D.N.J. May 14, 2009) ("Schindler Aufzüge's contacts with New Jersey may be further explored in discovery"); Davis v. Quality Carriers, Inc., No. 08-4533 (SRC), 08-6262 (SRC), 2009 WL 1291985, at *6 (D.N.J. May 7, 2009) (Denying motion to dismiss, without prejudice, to provide the parties an opportunity to conduct jurisdictional discovery); Gianfredi v. Hilton Int'l of P.R., Inc., et al., No. 08-5413 (PGS)(ES) (Doc. 42, Apr. 3, 2009) (denying motion to dismiss for lack of personal jurisdiction pending jurisdictional discovery); Solk v. Buffalo Acad. of Sci., No. 08-1653 (JLL)(CCC) (Doc. 9, Dec. 3. 2008) (denying motion to dismiss to provide parties with opportunity to conduct jurisdictional discovery); SoftwareArt Corp. v. Gopalakrishnan, No. 07-4755 (GEB), 2008 WL 2876395, at *3-4 (D.N.J. July 22, 2008) ("The Court cannot say that the Plaintiffs' claims against Mr. Kedia are frivolous – let alone "clearly frivolous." Accordingly, the Court will allow limited jurisdictional discovery regarding whether personal jurisdiction exists of Kedia"); Prinzivalli v. Aruba Phoenix Beach Resort, No. 06-6004 (PGS), 2008 WL 802331, at *1-2 (D.N.J. Mar. 20, 2008) (adopting the Report and Recommendation of Magistrate Judge Esther Salas ordering that jurisdictional discovery shall commence immediately, and be concluded within sixty (60) days); Sanko Mach. Co., Ltd. v. Schmucker S.R.L., No. 07-4535 (RMB), 2008 WL 577289, at *1 (D.N.J. Feb. 29, 2008) ("Because there has been no discovery, this Court cannot find that [defendant] does not have the requisite systematic and continuous contacts or specific contacts with New Jersey. **Discovery will tell**"); Wausau Underwriters Ins. Co. v. State Auto. Mut. Ins. Co., No. 07-1316 (JEI), 2007 WL 4232962, at *4 (D.N.J. Nov. 30, 2007) ("Accordingly, Erie's motion for dismissal under Rule 12(b)(2) will be denied without prejudice to its renewal, with leave granted to Wausau to take discovery directed to the issue, such discovery to be completed within 45 days of the date of this opinion"); Mellor v. Moe, No. 05-4243 (JEI), 2006 WL 1644877, at *1-2 (D.N.J. June 14, 2006) (denying motion to dismiss, without prejudice, and granting plaintiffs' request for jurisdictional discovery); In re Bulk (Extruded) Graphite Products Antitrust Litig., No. 02-6030 (WHW), 2006 WL 1084093, at *9 (D.N.J. Apr. 24, 2006) ("This Court finds that plaintiff's request for jurisdictional discovery is critical to the determination of whether personal jurisdiction may be exercised over the defendant"); Levinski v. Tropicana Resort Hotel & Casino, No. 03-4508 (AET) (Doc. 14, Jan. 29, 2004) (reserving defendant's motion to dismiss for lack of personal jurisdiction and granting plaintiff limited jurisdictional discovery); West Afr. Trading & Shipping Co. v. London Intern. Group, 968 F.Supp. 996, 1001 (D.N.J. 1997) ("This Court finds that plaintiffs' request for jurisdictional discovery is critical to the determination of whether we may exercise personal jurisdiction over the defendant").

Second, as for the Oxford Defendants' allegation that Ms. Russell-Brown wishes "to fish (in vain) for jurisdictional evidence" (Doc. 34 at 3), the reasoning of the Court of Appeals for the First Circuit, as quoted, with approval, by the Third Circuit in Compagnie, 723 F.2d at 362, is apt:

> A plaintiff who is a total stranger to a corporation should not be required, unless he has been undiligent, to try such an issue on affidavits without the benefit of full discovery. If the Court did not choose to hear witnesses, this may well have been within its province, but in such event plaintiff was certainly entitled to file such further interrogatories as were reasonably necessary and, if he wished, to take depositions. **The condemnation of plaintiff's proposed further activities as a "fishing expedition" was unwarranted. When the fish is identified, and the question is whether it is in the pond, we know no reason to deny a plaintiff the customary license.** (Emphasis added).

Third, notwithstanding the Oxford Defendants' arguments to the contrary, this Court need not wait until the motion to dismiss for lack of personal jurisdiction is "fully-briefed," before considering Ms. Russell-Brown's request for jurisdictional discovery. To the cases I provided in my November 12, 2010 letter (Doc. 33 at 1-2, ¶ 2), I offer additional examples of cases in the District of New Jersey, including cases before Your Honor and/or Judge Wigenton, where jurisdictional discovery was conducted either before a motion to dismiss for lack of personal jurisdiction was filed or before a plaintiff's opposition brief was due: 1) Leja v. Schmidt Mfg., Inc., No. 01-5042 (DRD) (Doc. 57, Jan. 21, 2005) (where Magistrate Judge Wigenton adjourned return date in order to allow plaintiff time to conduct jurisdictional discovery); 2) Wartsila NSD N. Am., Inc. v. Hill Int'l, Inc., 269 F.Supp.2d 547, 551 (D.N.J. 2003) (Plaintiff was granted permission to undertake limited jurisdictional discovery before responding to defendants' motion); 3) Plastpro 2000, Inc. v. Therma Tru Corp. et al., No. 03-1788 (JAP) (Arleo, Mag. J.) (Doc. 5, July 11, 2003) (jurisdictional discovery granted before motion to dismiss for lack of personal jurisdiction was filed).

Fourth, Ms. Russell-Brown did not relinquish any claim that the Oxford Defendants are subject to general jurisdiction in New Jersey. Nevertheless, the Oxford Defendants' assertion (Doc. 34 at 4) that courts do not typically permit jurisdictional discovery for the purpose of establishing either specific personal jurisdiction, or jurisdiction under the federal long-arm statute, Fed. R. Civ. P. 4(k)(2), is patently false. See Toys "R" Us, 318 F.3d at 455-57 (where plaintiff specifically requested jurisdictional discovery for the purpose of establishing either specific personal jurisdiction, or jurisdiction under the federal long-arm statute, Fed. R. Civ. P. 4(k)(2), and the Third Circuit reversed and remanded to allow for such jurisdictional discovery); Mellor, 2006 WL 1644877, at *1-2 ("[G]iven the national scope of Rule 4(k)(2), it is appropriate to grant Plaintiffs the opportunity to discover Moe's contacts throughout the United States").

Fifth, with respect to the Oxford Defendants' repeated argument that the "first-filed" rule and forum non conveniens "would moot entirely Plaintiff's request for jurisdictional discovery" (Doc. 34 at 2), again, because there is no pending case in the Northern District of Florida (Doc. 31 at 1-2, ¶ 2, Exhibit A and Doc. 33 at 2, ¶ 4), the "first-filed" rule, itself, is moot. See Sperry Associates Fed. Credit Union v. Cumis Ins. Soc., No. 10-29 (DRD), 2010 WL 2925924, at *3 (D.N.J. July 21, 2010) ("This Court denied Cumis's [motion to dismiss or stay the case based on the 'first to file' rule] as moot, **since the factual basis it asserted in support of its motion -- that a first-filed suit was pending in federal court -- no longer existed**" emphasis added). Likewise, forum non conveniens, as a basis for dismissal, is also moot, because Oxford failed to place in the record any

3

information regarding the requisite threshold issue of whether it and its seven American co-defendants would be subject to personal jurisdiction in English courts (Doc. 31 at 2-3, ¶¶ 4-8, Doc. 33 at 2, ¶¶ 5-6).  See, e.g., Synygy, Inc. v. ZS Associates, Inc., No. 08-2355, 2009 WL 1532117, at *2 (3rd Cir. Mar. 12, 2009) (wherein the Third Circuit vacated the District Court's dismissal on the grounds of forum non conveniens because the Court failed to develop adequate facts regarding, inter alia, whether the defendant was subject to jurisdiction in India, whether its consent to jurisdiction was legally sufficient and whether any dismissal should have been conditioned on such consent).

Sixth, concerning the Oxford Defendants' claim that Ms. Russell-Brown seeks "expansive discovery" (Doc. 34 at 3), because she mentioned that Oxford submitted declarations from only three of the nine Oxford professors specifically referred to in her First Amended Complaint (Doc. 31 at 6, ¶ 13), it is not unreasonable or "expansive" that Ms. Russell-Brown requires competent evidence from the remaining six Oxford professors, regarding their relevant jurisdictional contacts.

Seventh, the Oxford Defendants make conflicting arguments regarding the briefing schedule -- on the one hand arguing that there is "no reason to disturb the current briefing schedule" to accommodate jurisdictional discovery (Doc. 34 at 3), yet, on the other, noting that they plan to submit a request to move the return date of their motion from December 6 to December 20, 2010, so that their reply briefs would be due December 8, 2010 (Doc. 34 at 3, n.3).  On the issue of the Oxford Defendants' request for an extension, I would only note that, according to the Clerk's Office, such a request must be presented and defended in the manner set forth in L. Civ. R. 7.1.  Further, as the moving party, the Oxford Defendants controlled the return date and, therefore, the filing date of their reply briefs and they have known the filing date of their reply briefs since October 14, 2010.  Finally, given that the Oxford Defendants concede that "[w]hen a court assesses a motion to dismiss for lack of personal jurisdiction in a case involving multiple defendants, **the contacts of each defendant with the forum state must be evaluated individually**" (Doc. 24-1 at 10, Doc. 26-1 at 5, emphasis added), the fact that the Gainesville Defendants have not been served yet or that the Media Defendants' response is due November 15, 2010 (having missed the November 12th filing deadline, if their response is a motion to dismiss in lieu of a responsive pleading, their return date would be December 20, 2010), is irrelevant to the issue of jurisdictional discovery concerning the Oxford Defendants -- particularly since the remaining defendants might not have a legitimate basis to challenge the Court's personal jurisdiction.  For example, the NEW JERSEY LAW JOURNAL is published by ALM Media, LLC, one of the Media Defendants.

Finally, I must respond to the comments Mr. Doty made about me, in his November 12, 2010 letter (Doc. 34).  Mr. Doty contends that this Court should hesitate before granting Ms. Russell-Brown's request for jurisdictional discovery given my "history of engaging in 'vexatious' conduct, including the filing of 'meritless' motions, during the course of litigation" (Doc. 34 at 3).  First, given my decades of practicing and teaching law, the nature of my practice -- I was counsel for Nelson Mandela -- for Mr. Doty to make such a broad, sweeping and inflammatory statement, citing to the one, same Northern District of Florida dismissal order, as he has repeatedly, is incredibly unprofessional and concerning.  Second, whatever talisman Judge Paul's dismissal order is for Mr. Doty, the fact remains that the appeal of the conditions to dismissal will be mediated by the Eleventh Circuit in December and, to facilitate settlement, Ms. Russell-Brown and the University of Florida have agreed to an extension of the filing of their appellate briefs until 2011.  The only "magic" that the dismissal order holds is that it means that there is no pending case in the Northern District of Florida!  In addition, Mr. Doty's sarcastic comment that, as an example of my "uncooperativeness," I failed to respond to his requests that Ms. Russell-Brown consent to the

Oxford Defendants' reply brief extension, although I "apparently found time to write two lengthy single-spaced letters to this Court in the meantime" (Doc. 34 at 3, n.3), is also incredibly unprofessional and concerning. Clearly, I have a professional responsibility to my client. Further, as not only a professor and a lawyer, but as someone who has known Ms. Russell-Brown for years, much could be said about the December 2, 2008 e-mail (Doc. 20, ¶ 91, Exhibit C) in which the University of Florida and Oxford law professors agreed to fail her out of her doctoral program, simply because she engaged in protected activity and the tumult that has caused her, personally and professionally. Yet, I have limited my discussion to the relevance of the e-mail in supporting Oxford's requisite jurisdictional contacts.

In sum, unlike in other sister courts, Ms. Russell-Brown was required to seek permission before either moving for or engaging in jurisdictional discovery. According to the law, unless her claims as to the bases of personal jurisdiction over the Oxford Defendants are "clearly frivolous," Ms. Russell-Brown is entitled to conduct discovery into the jurisdictional facts, once requested. Here, Ms. Russell-Brown has demonstrated (Doc. 31 at 3-6, ¶¶ 9-14) five bases of personal jurisdiction over the Oxford Defendants and the, approximately, 58 paragraphs of supporting factual allegations in her First Amended Complaint (Doc. 20). Ms. Russell-Brown's claims against the Oxford Defendants are <u>not</u> "frivolous," let alone "clearly frivolous." Consequently, Ms. Russell-Brown, again, requests limited, focused jurisdictional discovery to assist her in meeting her burden.

Thank you for your consideration.

Respectfully submitted,

/s/ Lennox S. Hinds

LSH/sbt

cc:  Zoe Eva Jasper, Esq., Attorney for Defendants the University of Oxford and Oxford University Development (North America), Inc. (via CM/ECF)

Bruce Rosen, Esq., Attorney for Defendants ALM Media, LLC, William L. Pollak and Karen Sloan (via CM/ECF)