Walter Saurack (wsaurack@ssbb.com)
James I. Doty (jdoty@ssbb.com)
Zoe E. Jasper (zjasper@ssbb.com)
Satterlee Stephens Burke & Burke LLP
33 Wood Avenue South
Iselin, New Jersey
(212) 818-9200

*Attorneys for Defendant The University of Oxford
and Oxford University Development, North America*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHERRIE RUSSELL-BROWN,<br><br>                          Plaintiff,<br>v.<br><br>THE UNIVERSITY OF FLORIDA BOARD OF TRUSTEES; THE UNIVERSITY OF FLORIDA, LEVIN COLLEGE OF LAW; ROBERT H. JERRY, II, in his individual and official capacities as Dean of the University of Florida, Levin College of Law; THE UNIVERSITY OF OXFORD; and OXFORD UNIVERSITY DEVELOPMENT (NORTH AMERICA),<br><br>                          Defendants. | Civ. A. No. 2:10-cv-04017-SDW-MCA<br><br>**MEMORANDUM OF THE UNIVERSITY OF OXFORD AND OXFORD UNIVERSITY DEVELOPMENT (NORTH AMERICA), INC. IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND** |

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT ....................................................................................................................... 2

    I.    PLAINTIFF'S MOTION TO AMEND SHOULD BE DENIED AS FUTILE. ............................................................ 2

        A.    Standard. ........................................................................................... 2

        B.    The Proposed Amended Complaint Fails to State a Claim Against the Media Defendants. ................................................ 3

        C.    The Proposed Amended Complaint Fails to Establish Personal Jurisdiction Over, and Fails to State a Claim Against, Oxford and OUD. ............................................................... 4

        D.    If the Court Grants Plaintiff's Motion, the Court Should Permit No Further Amendments. ................................................... 7

CONCLUSION .................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

CASES

Boyle v. Vanguard Car Rental USA, Inc.,
  No. 08-6276, 2009 WL 3208310 (D.N.J. Sept. 30, 2009).................................................2

Brauser Real Estate, LLC v. Meecorp Capital Markets, LLC,
  No. 06-01816, 2008 WL 324402 (D.N.J. Feb. 4, 2008)................................................4, 5

Hayes v. New Jersey,
  No. 09-6092, 2010 WL 4291433 (D.N.J. Oct. 21, 2010) ................................................4

In re Milestone Scientific Sec. Litig.,
  103 F. Supp. 2d 425 (D.N.J. 2000) ................................................................................3

In re NAHC, Inc. Sec. Litig.,
  306 F.3d 1314 (3d Cir. 2002)..........................................................................................3

Kanter v. Barella,
  489 F.3d 170 (3d Cir. 2007).............................................................................................2

Marten v. Godwin,
  499 F.3d 290 (3d Cir. 2007).............................................................................................5

Pardy v. Dupuy,
  No. 07-1385, 2008 WL 2704998 (D.N.J. July 8, 2008) ..................................................2

Park v. Oxford Univ.,
  35 F. Supp. 2d 1165 (N.D. Cal. 1997),
  aff'd, 165 F.3d 917 (9th Cir. 1998)...................................................................................5

Schuylkill Energy Res., Inc. v. Pa. Power & Light, Co.,
  113 F.3d 405 (3d Cir. 1997)............................................................................................3

STATUTES

42 U.S.C. 1981.......................................................................................................................3

Fed. R. Civ. P. Rule 12 ..........................................................................................................3

F.R.C.P. Rule 15(a).................................................................................................................4

OTHER AUTHORITIES

U.S. CONST. amend. I ................................................................................................3

U.S. CONST. amend. V ...............................................................................................3

U.S. CONST. amend. XIV ..........................................................................................3

Defendants The University of Oxford ("Oxford") and Oxford University Development (North America) ("OUDNA") respectfully submit this memorandum of law in opposition to Plaintiff's motion to amend.

## PRELIMINARY STATEMENT

Plaintiff's motion represents her latest attempt to forestall dismissal of her facially defective claims. As explained in the motions to dismiss filed today by Oxford and OUD, Plaintiff's claims of discrimination and retaliation against the University of Florida were first filed approximately two years ago. Since that time, Plaintiff has deployed an array of tactics to repeatedly delay a final resolution of her claims. In the words of Judge Paul, who is overseeing Plaintiff's pending action in the Northern District of Florida, Plaintiff has "gone to "great lengths" to "vexatiously delay[] . . . adjudication of the dispositive issues in this case." Plaintiff's Motion to Amend – by which she seeks to interpose her <u>ninth</u> Complaint related to her employment by the University of Florida – is simply another gambit by Plaintiff to prevent a court from rejecting her far-fetched and unsupported claims. As explained below, Plaintiff's Proposed Amended Complaint contains no new viable causes of action and adds nothing to the deficient allegations in her operative Complaint. Accordingly, Plaintiff's motion to amend should be denied.

The majority of the new allegations in Plaintiff's Amended Complaint center around the baseless contention that Oxford, OUDNA, and the University of Florida Defendants conspired with ALM Media, LLC ("ALM"), a publisher of legal newspapers, William Pollak (ALM's president), and Karen Sloan (a National Law Journal reporter and an employee of ALM) (collectively, the "Media Defendants") to deprive Plaintiff of her civil rights. As the Media Defendants made clear in moving to dismiss Plaintiff's so-called First Amended Complaint, none of the claims asserted against the Media Defendants states a viable cause of action. The

modest additions in Plaintiff's Proposed Amended Complaint do not change this conclusion, and therefore Plaintiff's Motion to Amend should be denied as futile.

The remaining additions in Plaintiff's Proposed Amended Complaint are attempts to bolster Plaintiff's patently insufficient allegations that Oxford is subject to personal jurisdiction in New Jersey. In particular, Plaintiff attempts to fortify a potential argument for specific jurisdiction by alleging that she received "hundreds" of emails, phone calls, and letters in New Jersey from her thesis advisor and that Oxford terminated her student status "in New Jersey." As explained below, these allegations are jurisdictionally irrelevant. Plaintiff's claims do not arise out of the alleged communications from her thesis advisor, and therefore the alleged emails, phone calls, and letters cannot support a claim for specific jurisdiction. Moreover, Plaintiff's allegation that her student status was terminated in New Jersey is simply an allegation that she felt harm while living in the forum, a claim that cannot support the exercise of specific jurisdiction. Because Plaintiff's allegedly new allegations add nothing to the jurisdictional analysis, the proposed amendment would be futile and therefore Plaintiff's motion should be denied.

## ARGUMENT

### I. PLAINTIFF'S MOTION TO AMEND SHOULD BE DENIED AS FUTILE.

#### A. Standard.

Although leave to amend is ordinarily granted, a court should deny a motion to amend where the proposed amendment would be futile. Kanter v. Barella, 489 F.3d 170, 181-82 (3d Cir. 2007). Amendment of a complaint would be futile if the amendment would not "cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." Pardy v. Dupuy, No. 07-1385, 2008 WL 2704998, at *2 (D.N.J. July 8, 2008) (Wigenton J.) (citing Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292

(3d Cir. 1988). For example, amendment would be futile if the proposed amendments failed to state a claim on which relief could be granted or if they would not establish that a defendant is subject to personal jurisdiction in the forum. See, e.g., Boyle v. Vanguard Car Rental USA, Inc., No. 08-6276, 2009 WL 3208310, at *9 (D.N.J. Sept. 30, 2009). In assessing futility, a court must apply the pleading standard relevant to motions dismiss under Rule 12 of the Federal Rules of Civil Procedure; thus, while a court must accept all well-pleaded factual allegations in the complaint as true, the court need not accept isolated statements from documents taken out of context, bald assertions, unwarranted inferences and unsubstantiated conclusions. See, e.g., Schuylkill Energy Res., Inc. v. Pa. Power & Light Co., 113 F.3d 405, 417 (3d Cir. 1997); In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1322-23 (3d Cir. 2002); In re Milestone Scientific Sec. Litig., 103 F. Supp. 2d 425, 450 (D.N.J. 2000).

### B. The Proposed Amended Complaint Fails to State a Claim Against the Media Defendants.

Plaintiff's Proposed Amended Complaint seeks to add the Media Defendants as parties and to assert various claims against them related to the publication of several allegedly defamatory articles. More specifically, the Proposed Amended Complaint alleges that the Media Defendants, as part of an international conspiracy with Oxford, OUD, and the University of Florida, published articles that misrepresented the basis of Plaintiff's claims in the Florida action. (See Mem. of the University of Oxford in Support of its Mot. to Dismiss ("Oxf. Mem.") (Docket No. 46-1) at 3-8.) Plaintiff alleges that the articles published by ALM violated both 42 U.S.C. § 1981 and the First, Fifth, and Fourteenth Amendments to the United States Constitution. She

also seeks to bring state-law claims for defamation and civil conspiracy. (See Prop. Compl. ¶¶ 122-177.)[1]

As the Media Defendants explained in their motion to dismiss Plaintiff's so-called First Amended Complaint (Docket No. 36-1),[2] Plaintiff's claims against the Media Defendants fail to state a claim as a matter of law. For the same reasons, which Oxford and OUDNA hereby incorporate, the addition of the claims against the Media Defendants would be futile. (See supra pp. 2-3.) Accordingly, Plaintiff's motion must be denied insofar as she seeks to assert claims against the Media Defendants. See, e.g., Hayes v. New Jersey, No. 09-6092, 2010 WL 4291433, at *5 (D.N.J. Oct. 21, 2010); Brauser Real Estate, LLC v. Meecorp Capital Markets, LLC, No. 06-01816, 2008 WL 324402, at *11 (D.N.J. Feb. 4, 2008) (Wigenton, J.).

C.  **The Proposed Amended Complaint Fails to Establish Personal Jurisdiction Over, and Fails to State a Claim Against, Oxford and OUD.**

As Oxford and OUDNA made clear in their motions to dismiss Plaintiff's Amended Complaint, filed today (Docket Nos. 46, 47), Plaintiff's claims must be dismissed because she has failed to establish that Oxford and OUDNA are subject to personal jurisdiction and failed to state a viable claim against either defendant. For the most part, Plaintiff's Proposed Amended Complaint does not even attempt to correct these deficiencies, which Plaintiff was alerted to in mid-October, when Oxford and OUDNA filed their initial motions to dismiss. (See

---

[1] A copy of the Proposed Amended Complaint is annexed hereto as Exhibit A. Plaintiff's new allegations are underlined.

[2] The operative pleading, the Amended Complaint (Docket No. 7), does not assert any claims against the Media Defendants. The Media Defendants were added as defendants in the "First Amended Complaint" (actually Plaintiff's third Complaint), which was stricken by Judge Arleo on the ground that the complaint was filed in contravention of Rule 15(a). (See Docket No. 43.) (A subsequent Complaint, the so-called "Second Amended Complaint" (Plaintiff's fourth complaint) was likewise stricken by Judge Arleo.) The Media Defendants moved to dismiss the First Amended Complaint, but the motion was rendered moot by Judge Arleo's docket order. Because the Media Defendants were added as defendants only in the (null) First Amended Complaint, there are currently no claims asserted against them.

4

Docket Nos. 24, 26.) The Proposed Amended Complaint does not, for example, allege a single new fact against OUDNA. Nor does the Proposed Amended Complaint address Oxford's arguments that the claims against the university fail as a matter of law. Instead, the only new allegations against either defendant are attempts to augment Plaintiff's flatly insufficient allegations that Oxford is subject to personal jurisdiction in New Jersey. Because these purportedly new allegations add nothing to the jurisdictional analysis, Plaintiff's motion to amend should be denied.

As Oxford made clear in its motion to dismiss, Oxford has no regular commercial presence in New Jersey and is therefore not subject to general jurisdiction in the state. (See Oxf. Mem. (Docket No. 46-1) at 11-12.) As Oxford also made clear, Oxford is not subject to specific jurisdiction in the state because Plaintiff fails to allege that the university "purposefully availed" itself of the privilege of doing business in the state or that it targeted its allegedly tortious conduct to the forum. (See id. pp. 12-17.) In response, Plaintiff's Proposed Amended Complaint makes two allegations: (1) that Oxford officials – for example, her thesis advisor -- provided "instructions" and assignments to Plaintiff in New Jersey (Proposed Compl. ¶ 42); and (2) that Oxford, in "prevent[ing]" Plaintiff from taking an examination in New Jersey, "terminated her student status in New Jersey" (id. ¶¶ 92, 94, 95). As explained below, these allegations cannot cure the jurisdictional defects in Plaintiff's Amended Complaint.

As an initial matter, the law is clear that a Plaintiff cannot show purposeful availment simply by alleging that emails, phone calls, and letters were received in the forum. (See Oxf. Mem. at 12-13.) Moreover, alleged contacts are relevant to a specific jurisdiction analysis only if the claims "arise out of or relate to" the alleged activity. See, e.g., Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007). Notably, Plaintiff does not attempt to allege that her

5

claim is related to her receipt of these communications, which consisted of "research materials" and "edits to her thesis" in New Jersey. (See Proposed Compl. ¶ 42.) Indeed, one court has explicitly held, in a decision affirmed by the Ninth Circuit, that there was "no way" that a claim that a student was wrongfully expelled from Oxford arose out of US-based activities. Park v. Oxford Univ., 35 F. Supp. 2d 1165, 1167-68 (N.D. Cal. 1997), aff'd, 165 F.3d 917 (9th Cir. 1998). Accordingly, the claim that Plaintiff received "hundreds" of communications in New Jersey does not save her deficient jurisdictional allegations.

The allegations that Oxford "prevented" Plaintiff from taking an examination in New Jersey and "terminated her student status in New Jersey" are likewise jurisdictionally irrelevant. As an initial matter, there is absolutely no support for Plaintiff's contention that Oxford agreed that an examination could take place in New Jersey. Notably, the purported support for this assertion, a letter from Oxford to Plaintiff, makes no reference to New Jersey or otherwise alludes to the forum. (See Proposed Compl. ¶ 92 & Ex. D) ("The Faculty will arrange a date for the assessment to take place in the U.S.") (emphasis added). Even if credited, the allegation that Oxford failed to take a particular action in New Jersey cannot show that Oxford "purposefully availed" itself of the privilege of conducting business within the state. (See Oxf. Mem. at 15.) Finally, the allegation that Oxford terminated Plaintiff's student status "in New Jersey" is simply an allegation that Plaintiff's student status was terminated while she was living in the forum. Such an allegation fails to establish that Oxford expressly aimed its conduct at the forum. (See Oxf. Mem. at 16-17.)

In short, Plaintiff's Amended Complaint contains numerous jurisdictional and other defects that mandate dismissal of the claims against Oxford and OUD. Because the

6

Proposed Amended Complaint does nothing to cure these jurisdictional deficiencies, Plaintiff's Motion to Amend should be denied.

> D.  **If the Court Grants Plaintiff's Motion, the Court Should Permit No Further Amendments.**

As stated in Oxford's memorandum in support of its motion to dismiss, this is the third action filed by Plaintiff centering on alleged complaints she made to the University of Florida regarding race and sex discrimination. (See Oxf. Mem. (Docket No. 46-1) at 6 & n.4.) Through the course of her various actions, Plaintiff has filed, or sought to file, eight separate Complaints – including four in the present action. (See Docket Nos. 1, 7, 20, 39; see also Doty Dec. (Docket No. 46) Ex. 2 (Docket No. 1); Ex. 4 (Docket Nos. 1, 44-45, 97).) The Proposed Amended Complaint is, therefore, Plaintiff's ninth attempt to state viable claims regarding the alleged retaliation she suffered. The first Florida action was filed in February 2009, and Plaintiff has had approximately two years to continually refine, supplement, and restyle her claims in repeated attempts to avoid a final adjudication. Because additional amendment would only further forestall the dismissal of Plaintiff's baseless claims, Oxford and OUDNA respectfully request that, if Plaintiff's motion is granted, the Court disallow Plaintiff from filing further amended complaints. See, e.g., Glazewski v. Corzine, No. 06-4107, 2008 WL 2875331, at *5 (D.N.J. July 22, 2008) (permitting amendment but disallowing further amendment); Bright v. U.S., No. 07-0023, 1999 WL 124469, at *1 (E.D. Pa. Feb. 24, 1999) (same); see also Conklin v. Warrington Tp., No. 06-2245, 2008 WL 5061665, at *7 (M.D. Pa. Nov. 20, 2008) (permitting amendment but disallowing further amendment absent "compelling circumstances").

## **CONCLUSION**

For the foregoing reasons, Oxford and OUDNA respectfully request that the Court deny Plaintiff's Motion to Amend.

Dated:   New York, New York
         December 20, 2010

_____
Walter Saurack (wsaurack@ssbb.com)
James I. Doty (jdoty@ssbb.com)
Zoe Jasper (zjasper@ssbb.com)
Satterlee Stephens Burke & Burke LLP
33 Wood Avenue South
Iselin, New Jersey
(212) 818-9200
*Attorneys for Defendant The University of Oxford and Oxford University Development, North America*