# Stevens, Hinds & White, P.C.

HOPE R. STEVENS (1904-1982)
JAVIER A. WHITE (1945-1987)
LENNOX S. HINDS *

**ATTORNEYS AT LAW**
**116 WEST 111ᵀᴴ STREET**
**NEW YORK, NY 10026**

NEW JERSEY OFFICE
42 VAN DOREN AVENUE
SOMERSET, NJ 08873
(732) 873-3096

Of-Counsel:
JULIETTE CHINAUD
GNOLEBA R. SERI *
DIDIER SEPHO◊

TEL: (212) 864-4445
FAX: (212) 222-2680
E-MAIL: lawfirmshw@yahoo.com

PARIS OFFICE
27, AVENUE DE L'OPERA
75001 PARIS

*Also in*
\*   New Jersey
◊   Paris

February 16, 2011

**_VIA ELECTRONIC FILING AND U.S. MAIL_**

Honorable Susan D. Wigenton, United States District Court Judge
United States District Court
MARTIN LUTHER KING, JR. FEDERAL BUILDING & COURTHOUSE
50 Walnut Street – Room 5060
Newark, New Jersey 07101

   Re: *Russell-Brown v. The University of Florida Board of Trustees et al.*, No. 10-cv-04017-SDW-MCA

Dear Judge Wigenton:

  I represent Plaintiff Sherrie Russell-Brown in the above-referenced matter.  I write in response to the February 15, 2011 letter of counsel for the Oxford Defendants, Mr. James Doty, in which he makes a false statement of law to Your Honor, regarding Ms. Russell-Brown's request for limited jurisdictional discovery.

  In my February 11, 2011 letter to Your Honor (Docket Entry No. 65), I propose that, should the Court grant Ms. Russell-Brown's request for limited jurisdictional discovery (see Docket Entry Nos. 13, 31 and 58), discovery also include communications between the University of Florida and Oxford co-defendants - - respectfully, by substantively challenging the authenticity of two such communications, in their February 4, 2011 Motion to Dismiss (see Docket Entry No. 63, pp. 7-10), the University of Florida Defendants have opened the door to discovery on the issue.

  In his February 15, 2011 letter to Your Honor (Docket Entry No. 70), in response to my proposal, counsel for the Oxford Defendants, Mr. Doty, falsely states that "binding" Third Circuit case law "forecloses" jurisdictional discovery of communications between his clients and the University of Florida Defendants, citing to Lasala v. Marfin Popular Bank Pub. Co., No. 10-1712, 2011 WL 49315, at \*4 (3d Cir. Jan. 7, 2011).

First, Lasala is not "binding" Third Circuit authority. In accordance with 3d Cir. I.O.P. 5.3 (2010), and as the opinion itself makes plain ("we write solely for the benefit of the parties," Lasala, 2011 WL 49315, at *1), the Third Circuit's opinion in Lasala is designated as "not precedential" and is posted on the Court's internet website as such. According to 3d Cir. I.O.P. 5.7 (2010), "[t]he court by tradition does not cite to its not precedential opinions as authority. Such opinions are not regarded as precedents that bind the court because they do not circulate to the full court before filing."

Second, also contrary to Mr. Doty's assertion, the Third Circuit in Lasala did not hold that "New Jersey does not recognize the conspiracy theory of jurisdiction." Rather, the opinion states that, "[a]lthough the District Court erred in refusing to use a conspiracy theory of jurisdiction simply because the New Jersey Supreme Court had not yet decided the issue . . . this error was harmless, as we predict the New Jersey Supreme Court would decline to adopt such a theory of personal jurisdiction." Lasala, 2011 WL 49315, at *4.

Third, unlike the instant case, even before requesting jurisdictional discovery, the plaintiffs-appellants in Lasala had already collected hundreds of thousands of pages of documents and conducted a deposition, relevant to the jurisdictional analysis.

Finally, here, Ms. Russell-Brown has plead bases for personal jurisdiction over the Oxford Defendants, other than the conspiracy theory, including the federal long-arm statute, "purposeful availment," the "effects test" and general jurisdiction (see, e.g., Docket Entry No. 31, pp. 3-6), to which communications between the University of Florida and Oxford co-defendants are relevant. For example, such communications are relevant to Oxford's aggregate contacts with the United States, as a whole, under the federal long-arm statute, which "sanctions personal jurisdiction over foreign defendants for claims arising under federal law when the defendant has sufficient contacts with the nation as a whole to justify the imposition of U.S. law, but without sufficient contacts to satisfy the due process concerns of the long-arm statute of any particular state." See, e.g., Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 455-58 (3d Cir. 2003) (wherein the Court of Appeals remanded to allow for, *inter alia*, limited jurisdictional discovery, under the federal long-arm statute).

Thank you for your consideration.

Respectfully submitted,

/s/ Lennox S. Hinds

LSH/sbt

cc:   All Counsel of Record (via CM/ECF)