# MARC
### ATTORNEYS AT LAW
#### A PROFESSIONAL CORPORATION

MCCUSKER · ANSELMI
ROSEN · CARVELLI

210 Park Avenue, Suite 301, PO Box 240
Florham Park, New Jersey 07932
Tel: 973.635.6300 · Fax: 973.635.6363
www.marc-law.com

BRUCE S. ROSEN
*Director*
Direct: 973.457.0123
Fax: 973.457.0276
brosen@marc-law.com

February 18, 2011

**VIA ELECTRONIC FILING**

Honorable Madeline Cox Arleo, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Federal Bldg.
 & U.S. Courthouse
Newark, N.J. 07102

   Re:  Sherrie Russell-Brown v. Univ. of Florida Board of Trustees, et al.
       Civ. Action No. 10-cv-4017 (SDW)(MCA)

Dear Judge Arleo:

   This firm represents defendants ALM Media, LLC, William L. Pollak and Karen Sloan (collectively "ALM") in regards to the above-referenced matter. I write this letter in reference to the papers filed on December 20, 2010 by the University of Oxford and Oxford University (North America), Inc., ("the Oxford Defendants") (Docket Entry #48) opposing Plaintiff's Motion to Amend, which remains under consideration by this Court, and the response by Plaintiff filed on December 30, 2010 (Docket Entry #51).

   ALM was named by Plaintiff in previously filed Complaints that were *sua sponte* stricken by the Court for failure to seek leave. ALM had previously filed a Motion to Dismiss with regard to the first of the two amended complaints in which it was named (Docket Entry 36). That motion was stricken as moot once these complaints were dismissed. However, if leave to amend is granted, that motion would be anything but moot and would likely be submitted again in a similar form as part of a motion to dismiss this Amended Complaint.

   While ALM realizes that it is not technically a party at this time and cannot, under the Rules, actively oppose the instant Motion to Amend, we write to bring to the Court's attention to a potential procedural anomaly which could conceivably prejudice ALM. The Oxford Defendants have essentially advanced the arguments in ALM's "moot" Motion to Dismiss as part of their opposition to the filing of a Second Amended Complaint (captioned by Plaintiffs as the "First Amended

Complaint"). The Oxford Defendants argue (we believe correctly) that the claim that ALM engaged in a conspiracy with them and with the University of Florida Defendants, was futile. As citations in the Oxford Defendants' brief set out, the "futility" standard, which can overcome the liberality with which the Courts approach motions to dismiss, is, as noted by the Oxford Defendants in their brief (at page 3), equivalent to the Motion to Dismiss Standard under Fed. R. Civ. P. 12.

　　　ALM is concerned that if this Court makes a determination that the Amended Complaint is not "futile," it could potentially prejudge ALM's potential motion to dismiss, without allowing for ALM's active participation (although a substantive motion would be heard by Judge Wiggenton and we believe res judicata would not apply). I apologize for the lateness of this letter, as I know the motion is being considered, but if the Court were to decide that ALM should advance its position on this matter, we would be happy to do so.

　　　　　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　__/s/ Bruce S. Rosen____
　　　　　　　　　　　　　　　　　　Bruce S. Rosen

BSR/ckc
cc: Lennox Hinds, Esq.
　　Ian Marx, Esq.
　　James I. Doty, Esq.
　　(via CM/ECF)