# Stevens, Hinds & White, P.C.

| | ATTORNEYS AT LAW | |
|---|---|---|
| HOPE R. STEVENS (1904-1982) | **116 WEST 111TH STREET** | NEW JERSEY OFFICE |
| JAVIER A. WHITE (1945-1987) | **NEW YORK, NY 10026** | 42 VAN DOREN AVENUE |
| LENNOX S. HINDS * | | SOMERSET, NJ 08873 |
| | | (732) 873-3096 |
| *Of-Counsel:* | | |
| JULIETTE CHINAUD | TEL: (212) 864-4445 | |
| GNOLEBA R. SERI * | FAX: (212) 222-2680 | PARIS OFFICE |
| DIDIER SEPHO◊ | E-MAIL: lawfirmshw@yahoo.com | 27, AVENUE DE L'OPERA |
| | | 75001 PARIS |

*Also in*
*    New Jersey
◊    Paris

February 21, 2011

**<u>VIA ELECTRONIC FILING AND U.S. MAIL</u>**

Honorable Susan D. Wigenton, United States District Court Judge
United States District Court
MARTIN LUTHER KING, JR. FEDERAL BUILDING & COURTHOUSE
50 Walnut Street – Room 5060
Newark, New Jersey 07101

      Re:    *Russell-Brown v. The University of Florida Board of Trustees et al.*, No. 10-cv-04017-SDW-MCA

Dear Judge Wigenton:

      I represent Plaintiff Sherrie Russell-Brown in the above-referenced matter.  I write to correct three false statements of law made to Your Honor by the Oxford Defendants in their Reply Memorandum, filed on Monday, February 14, 2011 (Docket Entry No. 67).  Please accept this letter brief in lieu of a more formal brief.

      First, the Oxford Defendants falsely state that the fact that they (as well as the University of Florida Defendants) were served with process in New Jersey, under New Jersey's Court Rules on service on corporations (4:4(a)(6)), does not authorize this Court to exercise personal jurisdiction over them and does not comport with Due Process.  (Docket Entry No. 67 at 3, n.2).  To the contrary, as the United States Supreme Court has made plain, "[t]here can be no serious question that the exercise of personal jurisdiction over one who is personally served within the territorial jurisdiction of a court comports with due process."  <u>See</u> <u>Pennoyer v. Neff</u>, 95 U.S. 714, 722, 24 L.Ed. 565 (1878); <u>see also</u>, <u>Burnham v. Sup. Ct. of Cal.</u>, 495 U.S. 604, 619, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990) ("The short of the matter is that jurisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard of 'traditional notions of fair play and substantial justice.'  That standard was developed by analogy to 'physical presence,' and it would be perverse to say it could now be turned against that touchstone of jurisdiction.").  Here, again, service of process on the Oxford and

University of Florida Defendants in New Jersey authorizes this Court to exercise personal jurisdiction over them and accords with Due Process.

Second, the Oxford Defendants falsely state that it is "perfectly appropriate" for this Court to dismiss, on the grounds of forum non conveniens, even though no defendant besides Oxford is subject to personal jurisdiction in England. (Docket Entry No. 67 at 8). Again, to the contrary, as the Third Circuit has made plain "[t]o be a suitable alternative forum, the foreign jurisdiction must have jurisdiction over all defendants." See Lacey v. Cessna Aircraft Co. ("Lacey II"), 932 F.2d 170, 177, 185 (3rd Cir. 1991); see also, Watson v. Merrell Dow Pharm., Inc., 769 F.2d 354, 357 (6th Cir. 1985) ("This court is reluctant to adopt the above analysis to support dismissal of these actions in their entirety pursuant to the *forum non conveniens* doctrine, as it essentially abolishes the critical requirement of the threshold showing, as mandated by the Supreme Court and articulated in *Dowling*, that the individual defendants be subject to jurisdiction in an alternative forum *prior* to the trial court's undertaking of a balance of interests."); Hyatt Int'l Corp., et al. v. Coco, et al., 302 F.3d 707, 718 (7th Cir. 2002) ("The first inquiry [in a forum non conveniens analysis] requires a finding that all the parties are within the jurisdiction of the alternative forum and are amenable to process there."); Reid-Walen v. Hansen, 933 F.3d 1390, 1402 n.2 (8th Cir. 1991) ("An alternative forum is available if all parties are amenable to process and come within the jurisdiction of the forum."); Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1118-19 (9th Cir. 2002) (Dismissal, on grounds of forum non conveniens, not warranted given that one of the defendants had not agreed to the jurisdiction of the foreign court).

For example, in Karunamunige Chamila Krishanthi, et al. v. Rajakumara Rajarathnam, et al., No. 09-cv-05395 (DMC)(JAD) (D.N.J. Aug. 26, 2010) (Docket Entry No. 48), Judge Cavanaugh reserved judgment as to the issue of forum non conveniens pending supplemental briefing concerning whether Sri Lankan courts would, in fact, exercise long-arm jurisdiction over the American citizen defendants, Raj and J.M. Consequently, in their supplemental briefs, the American citizen defendants consented to Sri Lankan jurisdiction and conditioned dismissal, on the grounds of forum non conveniens, upon that consent. Here, the American citizen Oxford (North America) and University of Florida Defendants have neither consented to personal jurisdiction in England nor conditioned dismissal, on the grounds of forum non conveniens, upon that consent.

Third, the Oxford Defendants falsely state that the "Third Circuit has explicitly applied [Monell's "policy or custom" test] to an action under section 1983 against a private corporation," citing to Natale v. Camden County Correctional Facility, 318 F.3d 575, 583 (3rd Cir. 2003). (Docket Entry No. 67 at 11). To the contrary, the Third Circuit makes plain in Natale that Prison Health Services (PHS) - - the entity against whom the Third Circuit applied Monell's "policy or custom" test - - is a state actor and that its employees are considered "prison officials." 318 F.3d 575, 581, n.4, 582-83 ("The District Court noted in its written opinion that 'PHS concede[d] that it is a state actor' . . . Because PHS is a state actor, employees of PHS are considered prison officials."). Again, here, as private actors, section 1983 liability of the Oxford and Media Defendants is based upon their conspiracy with the state actors, the University of Florida Defendants (Docket Entry No. 44-2, ¶¶ 148-150) and the Oxford and Media Defendants remain subject to section 1983 liability even if the state actors are immune from and/or dismissed from this suit (Dennis v. Spark, 449 U.S. 24, 27-29 (1980); Melo v. Hafer, 912 F.2d 628, 638 n.11 (3rd Cir. 1990)) and even if Ms. Russell-Brown's petitions or grievances to the government address matters of purely private concern (San Filippo v. Bongiovanni, 30 F.3d 424, 443 (3rd Cir. 1994)).

2

   Finally, now that the Oxford and University of Florida Defendants have both moved to dismiss for lack of personal jurisdiction (see Docket Entry Nos. 46, 47 and 63) and the Oxford Defendants' motion, with a motion date of February 22, 2011, is now fully briefed, in the event that the Court finds more facts are needed to resolve the issue of personal jurisdiction, Ms. Russell-Brown respectfully renews her requests for jurisdictional discovery (see Docket Entry Nos. 13, 31, 58, 65 and 71).  See, e.g., Karunamunige Chamila Krishanthi, et al. v. Rajakumara Rajarathnam, et al., No. 09-cv-05395 (DMC)(JAD) (D.N.J. Aug. 26, 2010) (Docket Entry No. 48) (wherein Judge Cavanaugh reserved judgment as to the issue of personal jurisdiction over Tamils Rehabilitation Organization, Inc., pending the conclusion of jurisdictional discovery); Qtech Services, LLC. v. Veriton Fund Mgmt., LLC et al., No. 10-cv-00495 (DMC)(MF), 2010 WL 4961636, at *3 (D.N.J. Nov. 30, 2010) (wherein Judge Cavanaugh denied defendants' motion to dismiss without prejudice, pending the conclusion of jurisdictional discovery).

   Thank you for your consideration.

              Respectfully submitted,

              /s/ Lennox S. Hinds

LSH/sbt

cc:  All Counsel of Record (via CM/ECF)